IFP
NP

FILED

1   **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2   Name  Delgado                    Kenneth         2008 MAY 20  P 3: 19

3          (Last)                    (First)         RICHARD W. WIEKING (Initial)
                                                            CLERK
4   Prisoner Number  C-62219                         U.S. DISTRICT COURT
                                                     NO. DIST. OF CA. S.J.

5   Institutional Address  Salinas Valley State Prison, P.O. Box 1050, Soledad
    California 93960-1050
6
    ================================================================

7              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
8
    Kenneth Delgado                              )
9   (Enter the full name of plaintiff in this action.)  )
                                                   )
10                vs.                              )   Case No. C 08 02556 MMC
                                                   )   (To be provided by the Clerk of Court)
11  A. Barnes, Correctional Officer                )
                                                   )   **COMPLAINT UNDER THE**
12  T. Woolf, Correctional Officer                 )   **CIVIL RIGHTS ACT,**
                                                   )   **Title 42 U.S.C § 1983**
13  B. Johnson, Correctional Officer               )
                                                   )   **DEMAND FOR JURY TRIAL**
14  Eloy Medina, Appeals Coordinator               )
    (Enter the full name of the defendant(s) in this action) )
15                                                 )

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.     Exhaustion of Administrative Remedies.

18         [**Note:** You must exhaust your administrative remedies before your claim can go

19         forward. The court will dismiss any unexhausted claims.]

20         A.    Place of present confinement  Salinas Valley State Prison

21         B.    Is there a grievance procedure in this institution?

22               YES (x)    NO ( )

23         C.    Did you present the facts in your complaint for review through the grievance

24               procedure?

25               YES (x)    NO ( )

26         D.    If your answer is YES, list the appeal number and the date and result of the

27               appeal at each level of review. If you did not pursue a certain level of appeal,

28               explain why.

COMPLAINT                        - 1 -

1. Informal appeal _SVSP C 07-01306, THIS LEVEL WAS BYPASS_
_DATED: MARCH 18, 2007_

2. First formal level _APPEAL WAS CANCELLED OUT BY APPEALS COORDIN-_
_ATOR, ON MACH 28, 2007_

3. Second formal level _THIS APPEAL WAS NOT EXCEPTED FOR PROCESSING_
_SO I FILED YET ANOTHER APPEAL WHICH WAS NOT EXCEPTED FOR_
_PROCESSING ON OCTOBER 30, 2007, IT WAS RETURNED NOVEMBER 30, 2007_

4. Third formal level _SVSP C 07-01306/IAB #0715289, SUBMITTED_
_NOVEMBER 21, 2007, BUT RETURNED UNPROCESSED_

E. Is the last level to which you appealed the highest level of appeal available to you?

    YES ( )    NO (x)

F. If you did not present your claim for review through the grievance procedure, explain why. _I attempted to present this appeal to each level of review but it was denied as untimely, but this is contrary to California Code of Regulation section 3391(b) Employee Conduct_

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

_Kennth Delgado, C-62219, Salinas Valley State Prison, P.O. Box 1050, Soledad California 93960-1050_

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

_Archie Barnes, Correctional Officer, Badge #53345, I.D. #286940 (SVSP)_

COMPLAINT              - 2 -

1 | T. Woolf, Correctional Officer, Badge #63756, Employed at SVSP
2 | B. Johnson, Correction Officer, Badge #69905, I.D. #2863926, (SVSP)
3 | Eloy Medina, CC-II Appeals Coordinator at SVSP
4 |

III. Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

<...SEE ATTACHED SHEET III. STATEMENT OF CLAIM...>

IV. Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

<...SEE ATTACHED SHEET IV. PRAYER FOR RELIEF...>

COMPLAINT                    - 3 -

| | |
|---|---|
| 1 | **<... SEE ATTACHED SHEET III. STATEMENT OF CLAIM...>** |
| 2 | |
| 3 | |
| 4 | |
| 5 | I declare under penalty of perjury that the foregoing is true and correct. |
| 6 | |
| 7 | Signed this _16_ day of _March_, 20 _08_ |
| 8 | |
| 9 | _Jenneth Delgado_ |
| 10 | (Plaintiff's signature) |

COMPLAINT                                              - 4 -

## INTRODUCTION

Plaintiff Kenneth Delgado (hereinafter Plaintiff) is and was at all times mentioned herein a prisoner of the State of California Department of Corrections and Rehabilitation, and is currently confined in CSP-Salinas Valley State Prison (hereinafter SVSP) in the City of Soledad.

Plaintiff is and was at all times mentioned herein a patient in the Mental Health Treatment Program and has been evaluated and meets the criteria for psychiatric treatment as a CCCMS patient.

Plaintiff brings this action against the defendants because of their deliberate indifference to plaintiff's well-fare and safety plaintiff will show that the defendants deliberately failed to perform their duties and disregarded the procedures when conducting showers for inmates on lock down/ modified program, and as a result of this deliberate act plaintiff was attacked and seriously injured by two rival gang members yielding inmate manufactored stabbing weapons.

Plaintiff will further show that his prison grievances regarding this incident was stonewalled, obstructed, and impeded for the purpose of covering up defendants' misconduct and breach of security, and deny plaintiff access to exhaust his administrative remedies throughout the Department of Corrections and Rehabilitation.

Plaintiff will also show that because of the defendants' deliberate indifference to plaintiff's well-fare and security, which cause plaintiff to be attached by two weapon toting rival gang members and receiving several serious injuries, plaintiff has been experiencing emotional distress, night mares, and distrust of prison officials.

///
///
///

III. **STATEMENT OF CLAIM.**

Plaintiff Alleges:

**FIRST CAUSE OF ACTION FOR DELIBERATE INDIFFERANCE AGAINST DEFENDANT ARCHIE BARNES:**

    1. On January 11, 2007, defendant Barnes was working on facility "C" in building #3, as the control booth officer, and was conducting the evening shower program for those inmates on lockdown/modified program, and those inmates were on escort an handcuff status.

    2. Defendant Barnes deliberately disregard his duties and responsibilities when he open plaintiff's cell door for showers without the presence of the floor officers to handcuff and escort plaintiff to the shower. Further, defendant Barnes deliberately disregarded his duties and responsibilities when he also let plaintiff out of the shower unhandcuffed and without a custody escort. Moreover, defendant Barnes displayed deliberate indifferent to plaintiff's safety and security when he intentionally unlocked the C-section fire exit door and allowed two inmates from rival gangs enter and attack plaintiff with an inmate manufactured stabbing weapon.

    3. As a result of defendant Barnes' deliberate indifference to plaintiff's safety and security, plaintiff received several stab wounds, abrasions, and lacerations all over his body. Plaintiff also suffers from emotional and mental stress, as a result of the defendant's actions.

**FIRST CAUSE OF ACTION FOR DELIBERATE INDIFFERENCE AGAINST DEFENDANT T. WOOLF:**

    4. Plaintiff incorporate in this cause of action the allegations of paragraphs 1 through 3 of the First Cause of Action.

    5. On January 11, 2007, defendant Woolf was working on facility "C" in building #3, as a floor officer and was responsible for providing security and escorts to those inmates that were taking evening showers. However, instead of performing his duties and responsibilities during the shower program defendant Woolf was in the staff office sorting inmate mail.

    6. Defendant Woolf deliberately disregarded his duties and responsibilitie to supervise the shower program and inmates movement, including but not limited to handcuffing and escorting **all** lockdown/modified program inmates

ii

to and from their showers, also whenever those inmates exit their cells for any reason. Defendant Woolf further displayed deliberate indifference when he intentionally failed to provide safety and security to plaintiff and further failed to secure the building, which the facility was on lockdown/modified program at the time because of ongoing violence and staff threat.

7. As a result of defendant Woolf's deliberate indifference to plaintiff's safety and security, defendant Woolf was not present to provide that safety and security which his job duties and responsibilities required him to perform, especially given the fact that facility "C" was on lockdown/modified program at the time of this violent assault on plaintiff. Defendant Woolf's actions or lack thereof, contributed to the reason why the two rival gang members were not handcuff or escorted and unsupervised. This willful derelect of duty allowed for the two gang members to enter into C-section and viciously attack plaintiff leaving him with multiple serious injuries and suffering emotional and mental trauma.

**FIRST CAUSE OF ACTION FOR DELIBERATE INDIFFERENCE AGAINST DEFENDANT B. JOHNSON:**

8. Plaintiff incorporate in this cause of action the allegations of paragraph 1 through 7 of the First Cause of Action.

9. On January 11, 2007, defendant Johnson was working on facility "C" in building #3, as floor officer, and was suppose to be conducting the shower program for those inmates on lockdown/modified program and on escort and handcuff status. However, instead of providing security during the shower program by handcuffing and escorting plaintiff to and from the shower, defendant Johnson was in the staff office.

10. Defendant Johnson deliberately disregarded his duties and responsibilities to supervise the shower program and inmates movement, including but not limited to, handcuffing and escorting all lockdown/modified program inmates when they exit their cells. Defendant Johnson further displayed deliberate indifference to plaintiff's safety and security when he intentionally failed to provied safety and security to plaintiff and the institution, which at the time was on lockdown/modified program status because of ongoing violence and staff threat.

11. As a result of defendant Johnson's deliberate indifference to plaintiff's safety and security, defendant Johnson was not present to provide that necessary safety and security which his job duties and responsibilities

require him to perform while the prison is on lockdown/modified program. This failure to provide that safety and security is what contributed to the two rival gang members not being handcuff or escorted and unsupervised. Thus, this allowed those two assailants to enter into C-section once the door was popped open and viciously attack plaintiff with weapons, and leaving him with multiple stab wounds, abrasions and laceration all over his body. Moreover, this was the cause of plaintiff experiencing emotional and mental trauma.

### SECOND CAUSE OF ACTION FOR ABRIDGEMENT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES AGAINST ELOY MEDINA:

12. Plaintiff incorporate in this cause of action the allegations of paragraph 1 through 11 of the First Cause of Action.

13. Defendant Medina, abridged plaintiff's access to exhaust his administrative remedies by rejecting plaintiff's Inmate/Parolee Appeal Form (602) on February 21, 2007, because appeal was missing a CDC 114-D Lockup Order, and appeal supposingly contained more than one issue; and them again on March 26, 2007, because time constraints not met.

14. Plaintiff wrote a personal letter to defendant Medina explaining the reason for the delay in filing (which plaintiff had no control over) because he did not have the documentation defendant was asking plaintiff to produce. However, defendant Medina still persist in rejecting plaintiff's attempts to file this appeal again on April 16, 2007, stating that plaintiff had 15 days from the date of the event to file an appeal. Then on June 1, 2007, defendant Medina, cancelled plaintiff's appeal at the first level stating the time constraints were not met.

15. Plaintiff then attempted to send his Inmate/Parolee Appeal Form (602) to the third level at the Inmate Appeals Branch in Sacramento, and plaintiff received that appeal back stating that the third level has determined that the appeal does not comply with the appeal procedures per. California Code of Regulations (CCR) section 3084.3 Screening Appeals.

16. Defendant Medina violated plaintiff's First Amendment Right to file a prison grievance and further forestalled those available remedies within the Department of Corrections and Rehabilitation, when he refused to process plaintiff' appeal. The rejecting of plaintiff's prison grievances

"chilled" his access to the courts because plaintiff was not able to have those issues he was appealing heard on the merits, nor was he able to exhaust those available administrative remedies within the Department properly. Moreover, defendant Medina's continuous denial of plaintiff's prison grievances was done to deter plaintiff from litigating these claims against the defendants and cover-up their misconduct.

### IV. PRAYER FOR RELIE.

**WHEREFORE,** plaintiff pray for judgment against each defendant in their individual capacity as follows:

1. As to Archie Barnes, plaintiff pray for judgment in the sum of $100,000.00, from defendant Barnes for his deliberate indifference to plaintiff's safety and security, in violation of plaintiff's Eighth Amendment Rights not to be subjected to cruel and unusual punishment.

2. As to defendant T. Woolf, plaintiff pray for judgment in the sum of $100,000.00, from defendant Woolf for his deliberate indifference to plaintiff's safety and security, in violation of plaintiff's Eighth Amendment Rights not to be subjected to cruel and unusual punishment.

3. As to B. Johnson, plaintiff pray for judgment in the sum of $100,000.00, from defendant Johnson for his deliberate indifference to plaintiff's safety and security, in violation of plaintiff's Eighth Amendment Rights not to be subjected to cruel and unusual punishment.

4. As to Eloy Medina, plaintiff pray for judgment in the sum of $100,000.00, from defendant Medina for his abridgement of plaintiff's First Amendment Right to petition the government for redress of grievances.

5. Plaintiff request cost of this suit and to include, filing fees, and process service fees.

6. Plaintiff request a judgment in the sum of to be determine by a jury for pain and suffering in the form of intentional infliction of emotional distress.

7. Plaintiff request judgment in the sum to be determine by the jury for punitive damages.

8. Plaintiff request a jury trial.

9. Plaintiff request an appointment of counsel.

v.

     10.  Plaintiff request such other relief as the court deems just.

Dated: *March 16, 2008*

Respectfully Submitted,

*Kenneth Delgado*
Kenneth Delgado
Plaintiff In Pro Per.

///
///
///
///

vi

## VERIFICATION

I Kenneth Delgado, am the plaintiff in the above entitled action. I have read the forgoing complaint and the facts stated therein are within my personal knowledge and are true and correct, except those matters stated on information and belief, and as to those, I believe them to be true and correct.

Executed this ___16___ day of ___March___, 2008, at Salinas Valley State Prison in Soledad, California.

Respectfully Submitted,

*Kenneth Delgado*
Kenneth Delgado
Plaintiff In Pro Per.

///
///
///
///

Allen A. Fulton, Jr., C-85379
Salinas Valley State Prison
P.O. Box 1050, C5-106low
Soledad, California 93960-1050

Declarant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Kenneth Delgado,<br>         Plaintiff,<br>v.<br>Archie Barnes, et al.,<br>         Defendants. | Case No.:<br><br>DECLARATION OF ALLEN A. FULTON, JR., IN SUPPORT OF PLAINTIFF KENNETH DELGADO |

I, Allen A. Fulton, Jr., hereby declare as follows:

   1. I am not a party to the above entitled action.
   2. I make this declaration in support Kenneth Delgado.
   3. I am a law library clerk in Salinas Valley State Prison Facility "C", and as the law clerk one of my duties is to instruct patrons in the proper use of library property i.e., computers an books. I also help patrons with answering general questions and giving reference to the legal materials within the law library. And sometimes on my own and without charge, I will help inmates prepare and file legal papers with the courts.
   4. When I met plaintiff Delgado in the law library he was seeking information about how to file a 42 U.S.C. section 1983 Civil Rights Action against the defendants for placing his life in danger and attempting to have him killed by rival gang members.
   5. I tried to explain to plaintiff the things he must do to file this law suit, and attempted to explain the elements of a Eighth Amendment violation claim, and a First Amendment violation claim. However, I cannot say with certainty that plaintiff understood any of the standards, criteria, elements

-1-

or any of the legal terms I was using. However, it seems that he was very serious about bringing this action to the attention of the court; therefore, I told him that if he brought me his paperwork, I would do my best to prepare his paperwork, and help him with the initial filing with this Court.

6. After receiving his inmate appeal back from Sacramento (Third Level) in January, I was provided with the necessary paperwork from plaintiff Delgado, and I began to work on preparing these attached documents.

7. It should be duly noted here that this facility is always going on lockdowns or modified programs, which normally last for long periods of times, and most times, if a prisoner dose not have a current legal deadline of 30 days in which to present the court with filings, he cannot receive Priority Legal Users (PLU) status. And even when a inmate has PLU status he normally will be scheduled once a week to physically attend the law library. (See attached exhibit (A) Operational Procedure #21.)

8. Thus, I would recommend that this Honorable Court appoint plaintiff Kenneth Delgado an attorney in this action. It is my opinion that plaintiff Delgado, have no legal clue on how to litigate this case on his own, and that the issues presented in this case are too complex for the plaintiff to fully understand. In addition, plaintiff has been diagnosed with mental health issues. I believe it would be a "travesty of justice" to allow this plaintiff to litigate this case against these prison officials and the Department of Corrections and Rehabilitation given the fact they have already attempted to cover-up the defendants misconducts and refused to process plaintiff's appeals.

9. I myself will not be able to continue to help plaintiff litigate this action because I have other legal commitments.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: March 3, 2008

Respectfully Submitted,

*Allen A. Fulton, Jr.*
Allen A. Fulton, Jr.
Declarant

-2-

EXHIBIT (A)

OPERATIONAL PROCEDURE #21

|  | California<br>Department of Corrections<br>Salinas Valley State Prison<br>OPERATIONAL<br>PROCEDURE<br>#21 | TITLE: Education Services/Recreation<br>/Library/Arts in Corrections/Bridging |
|---|---|---|
| | | DEVELOPED:<br>March 1999 |
| | | REVISED:<br>May 2007 |

**21.10.9**
**ADMINISTRATIVE SEGREGATION LAW LIBRARY SERVICES**

All inmates housed in Administrative Segregation will have access to the Administrative Segregation Law Library to ensure that they have adequate access to the courts. Inmates may request to use the Law Library via institutional mail, or by placing a request with custody staff assigned as the Law Library Officer. Administrative Segregation Law Library access is scheduled from 9:00 a.m. to 3:00 p.m. on Tuesdays and Thursdays, excluding one thirty-minute lunch. Administrative Segregation inmates who do not require physical access to the Law Library but need forms, cases, petitions, or questions answered, will be serviced through a paging system. The Administrative Segregation Legal Library Officers will deliver Administrative Segregation Legal materials.

Only duplicated legal resources, no law books, will be provided to inmates in Administrative Segregation. An index of available legal materials will be maintained with Custody Staff, and made available to inmates upon request. There is no charge for these materials but the materials remain the property of Salinas Valley State Prison and will be treated in the same manner as regular library book checkout and must be returned when due.

**21.10.10**
**LAW LIBRARY COLLECTION**

Mainline inmates have access to the legal library materials (codes, reporters and case law) on inmate-access computers in the facility law libraries. Inmates will be allowed to access the material and take notes on the material of interest.

**Law Library staff may not provide assistance to inmates in the form of legal advice, filling-out of legal forms, or interpretation of the law.** (Limited exception to this is found above in section 21.10.3., Services for Special Needs Inmates.)

Libraries provide access to the complete legal collections mandated in DOM 53060.11 on computers. Other reference materials, directories, and legal forms for state and federal courts are not mandated and therefore not currently being purchased by CDCR.

**21.10.11**
**CIRCULATING LAW LIBRARY**

Additional legal materials (including those materials that were formerly in CDCR's Circulating Law Library, DOM 53060.14) are provided through the SVSP paging system. Inmates should submit requests on a Legal Material Request form.

**21.10.12**
**INMATES WITH COURT DEADLINES**

Priority Legal Users (PLU) are those with a verified court deadline within 30 days, and represent themselves in the action. Only inmates acting in "pro per" will be afforded PLU status. PLU's receive priority access to library services. Physical access is permitted only during an inmates non-working hours, however. To request PLU status, an inmate must submit a Library Access Request and check the "I am a PLU" box. Court documentation of the active case number and deadline must be included. When court documents are unclear, for purposes of establishing a deadline, the inmate must provide clarification in the form of a court rule, or similar rule, which requires a response to the court within thirty days.

|  | California<br>Department of Corrections<br>Salinas Valley State Prison<br>OPERATIONAL<br>PROCEDURE<br>#21 | TITLE: Education Services/Recreation<br>/Library/Arts in Corrections/Bridging |
|---|---|---|
| | | DEVELOPED:<br>March 1999 |
| | | REVISED:<br>May 2007 |

Ongoing cases, court appearances, and the dismissal of an action are not considered deadlines without supporting documentation indicating a court submission is required within thirty days. Deadlines for small claims actions, or other civil actions, not directly related to an inmate's original conviction, or conditions of confinement, do not qualify for PLU status. There is no automatic ducating of either PLU or GLU inmates. *Each access period must be requested separately, in writing.*

**21.10. 13**
**PLU ACCESS TO LIBRARY**

Library staff will keep a logbook of all inmates with a verified court deadline. The logbook will include the inmate's name, CDC number, deadline date, case number, and the court issuing the document. Following a written request for access, PLU's shall receive physical access to the library a minimum of one (1), two-hour session per week; when it is required for access to the requested legal materials and it does not conflict with yard lockdowns or safety and security issues. Physical access cannot conflict with an inmate's assigned work incentive program. Additional library time will only be made available if all GLU access requirements have been met, and institutional resources allow. If a PLU has more than one verified court deadline at the same time he will only receive PLU status on only one deadline, but may work on both deadlines. An inmate may delegate his PLU status to another inmate in the same facility. Both inmates must sign a Transfer of Preferred Legal User status form in the presence of library staff before the original inmate's PLU status can be delegated. Inmates who accept a transfer of PLU status must act in accordance with CCR, Title 15, Section 3163. Delegated PLU status is limited to 14 days. Extensions will require a review by the Senior Librarian.

If an inmate with PLU status transfers his PLU status to another inmate he no longer has PLU status, even if he has another deadline. If an inmate has accepted a PLU transfer, and also has a personal court deadline, he may receive PLU status for only one case.

**21.10. 14**
**ACCESS TO LEGAL MATERIAL STORED IN R & R**

Upon request by a PLU, the Senior Librarian will complete a request, and route it to the Facility Program Sergeant, to allow the inmate to access his excess legal property in order to retrieve or exchange legal material from storage. The librarian's function is to verify PLU status; only custody staff can facilitate access to stored legal materials.

**21.10. 15**
**GLU ACCESS TO LIBRARY**

General Legal Users (GLU) are inmates who wish to receive library services but who do not have a verified court deadline. Inmates who have attorney representation may utilize library services as a GLU. GLU's may submit a Library Access Request form via institutional mail, or at library service windows. When physical access is needed ducats will be issued on a "First come, first served" basis. GLU access may be limited to paging when institutional staffing or safety and security conditions preclude physical access.

**21.10. 16**
**LOCKDOWN OR STATE OF EMERGENCY**

Emergency library services shall be provided via paging if a lockdown or other situation curtails inmate movement for more than ten days.

Inmates claiming PLU status may send Library Access Request forms with their court deadlines to the libraries via the "Inmate Request for Library Services" procedure. PLU documentation must be seen by a library staff member before PLU status can be granted.



Office of the Clerk, U.S. District Court
Northern District of California
By: Jose Sixson
280 South First Street, #2112
San Jose, California 95113-3008