UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH DELGADO,

        Plaintiff,

    v.

A. BARNES, T. WOOLF, B. JOHNSON, ELOY MEDINA,

        Defendants.
                                       /

No. C 08-2556 PJH (PR)

**ORDER OF SERVICE**

This is a civil rights case brought pro se by a prisoner at Salinas Valley State Prison. The court will now review the amended claims to determine whether they should be served. *See* 28 U.S.C § 1915A(b)(1),(2) (court must screen prisoner complaints and dismiss claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief).

**DISCUSSION**

Plaintiff alleges that on January 11, 2007, defendant A. Barnes, an SVSP Correctional Officer, was the control booth officer in charge of opening and shutting doors for evening showers. Plaintiff alleges that Barnes opened the door to allow plaintiff out of his shower without the presence of an escort, while at the same time opening another door to allow two inmates from a rival gang to enter the area where plaintiff was. These two inmates attacked plaintiff with improvised weapons. Plaintiff suffered stab wounds, bruises and lacerations. Plaintiff alleges that defendants T. Woolf and B. Johnson were floor officers at the time. They were responsible for escorting and providing security during the shower program, but instead were in a staff office. Plaintiff alleges that Woolf and Johnson should have handcuffed and escorted plaintiff to and from the shower, and should have

1  also handcuffed and escorted the two inmates who attacked plaintiff.  When liberally
2  construed, these allegations are sufficient to state a cognizable claim against defendants
3  Barnes, Woolf and Johnson that they were deliberately indifferent to his safety needs, in
4  violation of the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)
5  (prison officials have a duty to protect prisoners from violence at the hands of other
6  prisoners).

7  Plaintiff alleges that defendant Eloy Medina, the SVSP Appeals Coordinator,
8  rejected his initial administrative grievance regarding the foregoing incident on the grounds
9  that such grievance did not include the applicable "Lockup Order" form.  When petitioner
10 resubmitted the grievance with the correct form, Medina denied it as untimely.  Further,
11 when plaintiff attempted to file his grievance at a higher level of review, it was denied
12 because the lower level grievances had been denied for procedural reasons.  Plaintiff
13 claims that Medina violated his right of access to the courts by preventing him from
14 proceeding with his administrative grievances.  The right of meaningful access to the courts
15 extends to established prison grievance procedures.  *Bradley v. Hall*, 64 F.3d 1276, 1279
16 (9th Cir. 1995).  When liberally construed, plaintiff's allegations state a cognizable claim
17 against Medina for the violation of his constitutional right to petition the government for
18 grievances and to access to the courts.

## CONCLUSION

21  1.  The clerk shall issue summons and the United States Marshal shall serve,
22 without prepayment of fees, copies of the complaint with attachments and copies of this
23 order on the following defendants: Correctional Officer A. Barnes, Correctional Officer T.
24 Woolf, Correctional Officer B. Johnson, and Appeals Coordinator E. Medina.  Plaintiff says
25 they can be found at the Salinas Valley State Prison.

26  2. In order to expedite the resolution of this case, the court orders as follows:
27  a.  No later than sixty days from the date of service, defendants shall file a
28 motion for summary judgment or other dispositive motion.  The motion shall be supported

2

by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

        b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is filed.

        d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    3. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

    5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 14, 2009

          PHYLLIS J. HAMILTON
          United States District Judge

G:\PRO-SE\PJH\CR.08\DELGADO2556.SRV.wpd

4