UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KENNETH DELGADO,

        Plaintiff,

vs.

A. BARNES, T. WOOLF, B. JOHNSON, ELOY MEDINA,

        Defendants.

No. C 08-2556 PJH (PR)

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND TO DISMISS**

This is a civil rights case filed pro se by a state prisoner. Plaintiff contends that the defendants Barnes, Woolf, and Johnson were deliberately indifferent to his safety in exposing him to attack from two fellow prisoners, and that defendant Medina prevented him from filing a grievance against Barnes, Woolf, and Johnson. Medina has moved to dismiss the claim against him on grounds plaintiff did not exhaust his administrative remedies, and Barnes, Woolf, and Johnson have moved for summary judgment. Plaintiff has opposed the motions and defendants have replied. For the reasons set out below, the motions will be granted.

**DISCUSSION**

**A.    Motion to Dismiss**

Defendant Medina moves to dismiss the claim against him on the ground that plaintiff did not exhaust his administrative remedies.

    **1.    Standard of Review**

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In ruling on such a motion, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

2

### 2. Analysis

Plaintiff's claim against defendant Medina is that Medina violated his right to petition the government and his right of access to the courts by refusing to entertain his grievance complaining about the attack on him by the two prisoners. Plaintiff concedes in his opposition that he did not file a grievance against Medina raising this claim and asks the court to overlook the mistake. This it cannot do. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (exhaustion is mandatory). Plaintiff failed to exhaust his administrative remedies, so Medina's motion to dismiss will be granted.

## B. Summary Judgment

### 1. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### 2. Analysis

Plaintiff contends that defendants Barnes, Woolf and Johnson were deliberately indifferent to his safety needs, a violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (prison officials have a duty to protect prisoners

3

from violence at the hands of other prisoners).  Barnes, Woolf and Johnson have moved for summary judgment on grounds that there is no genuine issue of fact that they were not deliberately indifferent and that they are entitled to qualified immunity.

It is undisputed that (1) members of the gang to which plaintiff belonged, the "Bulldogs," were on lockdown because of violence between them "and Nortenos, Surenos, and White gang members," meaning that they were supposed to be handcuffed and escorted whenever out of their cells, Decl. Delgado ¶ 4; (2) Barnes released inmates Nateras and Rodriguez from their cells in B-section to shower, without restraints or escorts, Decl. Barnes ¶ 8; (3) Barnes released plaintiff Delgado and inmate Alejandrez from their cells in C-section to shower, again unrestrained and without escorts, *id.*; (4) Barnes had left the fire door between sections B and C unsecured, which allowed Nateras and Rodriguez to enter C-section and attack Alejandrez and plaintiff Delgado, causing injuries to Delgado, *id.* at 8-9; Decl. Delgado ¶ 9; and (5) defendants Woolf and Johnson were the floor officers whose responsibilities included supervising inmates during showers, Decl. Woolf ¶ 1; Decl. Johnson, ¶ 1.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833.  A prisoner Eighth Amendment safety claim has two elements: (1) the condition complained of must be shown to present a substantial risk of serious harm, and (2) the defendant must be shown to have possessed a sufficiently culpable state of mind.  *Id.* at 833.  Here the movants contend that they did not have the requisite culpable state of mind, and that there is no genuine issue of fact on that point.

In prison-conditions cases, the necessary state of mind to establish an Eighth Amendment violation is one of "deliberate indifference."  *Id.*  A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official must both know of and disregard an excessive risk to inmate health or safety.  *Farmer*, 511 U.S. at

837.  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must also draw the inference.  *Id.*

Decisive here is that neither negligence nor gross negligence constitutes deliberate indifference.  *Farmer*, at 835-36 & n.4; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (deliberate indifference requires more than negligence).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Barnes contends that his failure to secure the prisoners was an accident.  Thus, whether there is conflicting evidence on that point is the crux of the matter, because if the release was inadvertent – that is, if the release was an "error in good faith," *Whitley*, 475 U.S. at 319 – Barnes was not deliberately indifferent and is entitled to judgment as a matter of law.

Defendant Barnes says in his declaration that his release of the prisoners who attacked plaintiff was "inadvertent."  Decl. Barnes ¶ 9.  On the other hand, plaintiff states in his declaration that it is his "belief that defendant Barnes['] actions were done on purpose . . . to foster  . . . rivalry . . . with other races," and that there were several other similar incidents "before and after this incident."  Decl. Delgado ¶ ¶ 19-20.  He does not provide, however, any facts tending to show that Barnes was involved in any of them or that Barnes knew about them.  He also says that it is his "belief" that Barnes and other officers do not like his gang, the Bulldogs, because they "do not program with the other races except for the Blacks."  *Id.* at 21.  Plaintiff's statements go only to his beliefs, not what Barnes believed or what his intent was, and cannot generate a genuine issue of material fact as to whether the release was inadvertant.  *See Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) (conclusory declarations or those not based on personal knowledge are insufficient to generate genuine issue of material fact).

The result is that the only evidence as to whether the prisoner release was inadvertent is that of Barnes himself, and the circumstances of the event.  It is possible to imagine circumstances that would be sufficient to generate a genuine issue of material fact

5

as to whether the release was an accident – for instance, if there were evidence that there was an interlock on the electric cell locks and Barnes had to circumvent it to open two cell doors at once – but here the only fact that might generate a genuine issue as to Barnes' intent, that he opened the inmates' cell doors at the wrong time, is equally probative of intent or inadvertence.  It thus is not sufficient to generate a genuine issue of material fact, and Barnes' motion for summary judgment must be granted.  *See Liberty Lobby*, 477 U.S. at 249-50 (summary judgment motion must be granted if evidence opposing motion is not "significantly probative").

The other two defendants, Woolf and Johnson, were floor officers.  Plaintiff says that they should have been on the floor to escort those inmates who were out of their cells and to prevent attacks such as the one of which he was the victim.  The court has concluded above that there is no genuine issue of material fact that the release of the inmates was inadvertent.  Officers Woolf and Johnson thus could not have known that the inmates would be released at the same time, and consequently could not have been deliberately indifferent to the danger to plaintiff.  *See Farmer*, 511 U.S. at 837 (prison officer can be liable for deliberate indifference to inmate safety only if he knows of the danger).  Their motions also will be granted.

## CONCLUSION

Defendant Medina's motion to dismiss  (document number 14) is **GRANTED**.  The claims against Medina are **DISMISSED** without prejudice.  The motion for summary judgment filed by defendants Barnes, Woolf, and Johnson (document 14) also is **GRANTED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  September 20, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.08\DELGADO2556.MSJ2.wpd

6