UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

KENNETH DELGADO,

        Plaintiff,

  vs.

A. BARNES, T. WOOLF, B. JOHNSON, ELOY MEDINA,

        Defendants.

No. C 08-2556 PJH (PR)

**ORDER DISCHARGING ORDER TO SHOW CAUSE AND REFERRING CASE TO FEDERAL PRO BONO PROJECT**

This is a civil rights case filed pro se by a state prisoner. The court granted defendant Medina's motion to dismiss and a motion for summary judgment filed by defendants Barnes, Woolf, and Johnson. Plaintiff appealed. The court of appeals affirmed most of the rulings, but reversed and remanded as to Barnes. The court reopened the case and referred it to Magistrate Judge Nandor Vadas for a settlement conference. Judge Vadas reported that he had been informed by officials at Salinas Valley State Prison that plaintiff refused to board the bus to transport him to Solano State Prison, where the settlement conference was to be held. The conference was canceled as a result. The court ordered plaintiff to show cause why the case should not be dismissed. Plaintiff has filed a response.

Plaintiff states he was concerned about losing his prison job, housing and placement on the sensitive needs yard and spoke to his correctional counselor about this, but he did not refuse to go and was expecting to attend the conference. Though, plaintiff did refuse to give up all of his property in advance of the conference which perhaps affected the process. Regardless, it does not seem that scheduling another settlement conference would be worthwhile based on plaintiff's concerns. Therefore, this case will be scheduled

for trial.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Because the case did not settle and the remaining claim will be tried, the court has determined that counsel should be appointed for purposes of the trial.  The court hereby finds a trial sufficiently exceptional to warrant appointment of counsel if one can be found.  However, the court has no power to make coercive appointments, and the court can only attempt to locate volunteer counsel to try this case.

## CONCLUSION

1. The order to show cause is discharged.

2. This case is referred to the Federal Pro Bono Project.  The clerk shall forward to the Federal Pro Bono Project: (a) a copy of this order, (b) a copy of the docket sheet, and (c) a copy of the operative complaint and relevant court orders.  When the Federal Pro Bono Project reports that an attorney has been located to represent plaintiff, that attorney will be appointed.  This case was previously stayed for mediation.  That stay will continue and this case is **STAYED** until four weeks from the date an attorney is appointed to represent plaintiff.

**IT IS SO ORDERED.**

Dated:  January 11, 2013.

PHYLLIS J. HAMILTON
United States District Judge

2

1  G:\PRO-SE\PJH\CR.08\Delgado2556.ord.wpd

**United States District Court**
For the Northern District of California